### DEL BOCCIO, Admr, Etc v
### LORAIN TIMES-HERALD CO

Ohio Appeals, 9th Dist, Lorain Co

No 708. Decided May 11, 1934

### OPINION

By STEVENS, J.

The record in this case does not disclose one single item of evidence tending to

352

Joseph A. Provenza, Lorain, and Taylor & Hasselman, Cleveland, for plaintiff in error.

H. C. Cheney, Elyria, for defendant in error.

## OPINION

By WASHBURN, PJ.

If there was no conflict in the evidence respecting the facts relating to the question of whether Riemer was an employee of the defendant or an independent contractor, it was the duty of the trial court to determine that question as a matter of law, and if the trial court was right in determining that Riemer was not an employee of the defendant, the court did not commit error in directing a verdict for the defendant.

Schickling, etc. v The Post Publishing Co., 115 Oh St 589.

We have carefully read and considered the evidence relating to said question, and find that the evidence does not disclose any controversy as to the terms of the verbal contract between Riemer and the defendant, and we are of the opinion that the trial court correctly decided the question of law presented.

Kruse v Revelson, 115 Oh St 594.

Industrial Comm. v McAdow, 126 Oh St 198.

21 O. Jur., "Independent Contractors," §3, p. 624, and cases cited.

A motion for a new trial was filed, and, after the trial court had announced the overruling of such motion, an application for a rehearing was filed, which, in effect, was an amendment of the motion for a new trial so as to include newly discovered evidence as a ground for a new trial. Affidavits were filed by both parties, and, upon hearing, the motion for a new trial as so amended was overruled, and judgment was entered upon the verdict. It is claimed that the trial court erred in so ruling on the motion for a new trial.

We have considered the affidavits filed by plaintiff of the two persons, one of whom also signed an affidavit which was filed by the defendant, and find that, with reasonable diligence, the evidence mentioned in the affidavits filed by plaintiff should have been discovered and produced at the trial, and that if it had been, such as was competent in the case would not have justified a finding other than was made in the case.

Judgment affirmed.

FUNK and STEVENS, JJ, concur in judgment.